UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MIGUEL RIVERA-VÁZQUEZ,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 13-1249 (JAF)

(Criminal No. 09-339)

**OPINION AND ORDER**

Petitioner, Miguel Rivera-Vázquez, brings this pro-se petition under 28 U.S.C. § 2255 for relief from sentencing by a federal court, alleging that the sentence imposed violated his rights under federal law. He requests an order to vacate, set aside, or correct the sentence imposed in Cr. No. 09-339. (Docket No. 1.)

**I.**

**Background**

On October 8, 2009, a grand jury rendered a four-count indictment against Miguel Rivera-Vázquez and two co-defendants, including conspiracy to import and possess with the intent to distribute cocaine, see 21 U.S.C. §§ 952, 960, 963, and §§ 841 and 846. (Crim. Docket No. 14.) Count Four stated that upon conviction of one or more of the offenses alleged in Counts One, Two, or Three, Defendants would forfeit specified property.

On December 2, 2009, Rivera-Vázquez pled guilty pursuant to a plea agreement to Count One of the Indictment, conspiracy to import cocaine. (Crim. Docket No. 52.) As part of the agreement, Rivera-Vázquez assented to specific provisions of the forfeiture count of the indictment. (Crim. Docket No. 50.) Rivera-Vázquez agreed to forfeit one urban lot including its buildings, appurtenances, improvements, fixtures, attachments, and easements located at Guayama, Puerto Rico, and three cashier's checks totaling $75,000. (Crim. Docket No. 50.) On June 17, 2010, we sentenced Rivera-Vázquez to 46 months. (Crim. Docket No. 130.)

Rivera-Vázquez appealed and, on March 23, 2012, the First Circuit Court of Appeals affirmed his conviction. United States v. Rivera-Vázquez, Appeal No. 10-1845 (1st Cir. March 23, 2012). On March 25, 2013, he filed this petition, alleging that the 46-month sentence was "unreasonably high because [of] various mitigating circumstances – including, primarily, the Government seizure of all his assets in excess of two million dollars." (Docket No. 1.) The government opposed. (Docket No. 3.)

## II.

## **Legal Standard**

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge his sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id. A petitioner cannot be granted relief on a claim that has not been raised at trial or direct appeal, unless he can demonstrate both cause and actual prejudice for his procedural default. See United States

Case 3:13-cv-01249-JAF   Document 4   Filed 06/11/13   Page 3 of 5

Civil No. 13-1249 (JAF)                                                                                          -3-

v. Frady, 456 U.S. 152, 167 (1982). Indeed, "[p]ostconviction relief on collateral review is an extraordinary remedy, available only on a sufficient showing of fundamental unfairness." Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994). The First Circuit has explained that "a § 2255 proceeding is a collateral remedy available to a petitioner only when some basic fundamental right is denied, and not as routine review at the behest of a defendant who is dissatisfied with his sentence." Dirring v. United States, 370 F.2d 862, 865 (1st Cir. 1967). As mentioned in a recent holding, we are concerned with the rights of litigants, but we must protect the integrity of the federal court system against meritless allegations. Lassalle-Velázquez v. United States, No. 12-1795, 2013 U.S. Dist. WL ____, at *__ (D.P.R. June 10, 2013) (using meritless arguments to collaterally challenge federal convictions through § 2255 petitions is overburdening federal district courts and leading to some criminal cases being entirely re-litigated).

### III.

### Discussion

Because Rivera-Vázquez appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Rivera-Vázquez's pro-se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Rivera-Vázquez has alleged that his sentence was unreasonable. This issue was raised and considered on appeal. United States v. Rivera-Vázquez, Appeal No. 10-1845 (1st Cir. March 23, 2012). On appeal, the First Circuit held that the sentence of 46

months was reasonable. Id.  When an issue has been disposed of on direct appeal, it will not be reviewed again through a § 2255 motion.  Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1994) (citing Dirring v. United States, 370 F.2d 862, 863 (1st Cir. 1967)). The Supreme Court has held that if a claim "was raised and rejected on direct review, the habeas court will not readjudicate it absent countervailing equitable considerations." Withrow v. Williams, 507 U.S. 680, 721 (1993).  Given the First Circuit's decision and the fact that Rivera-Vázquez presents no new equitable considerations, the issue does not warrant further consideration.  Rivera-Vázquez's dissatisfaction with his sentence does not amount to the denial of a fundamental right.

## IV.

## Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA").  We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  While Rivera-Vázquez has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong.  Rivera-Vázquez may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.

## Conclusion

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 11th day of June, 2013.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE
